Eugene Schlesinger *vs.* Joseph L. O'Rourke.

APRIL 25, 1924.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

An action for deceit by a broker, alleging that defendant prevented him from effecting a sale of property direct to a prospective customer and that but for the fraudulent representations of defendant, plaintiff would have been entitled to demand a commission from the owner does not state a case, where it does not appear that plaintiff could have effected a sale directly to the customer, and therefore have earned the commission.

Deceit. Heard on exception of plaintiff and overruled.

Rathbun, J. This is an action of deceit. The case is before us on the plaintiff's exception to a ruling of the pre-

siding justice of the Superior Court sustaining a demurrer to the third amended declaration. The declaration alleges that each of the parties is a real estate broker; that the plaintiff had authority from the owner to sell certain real estate and an agreement with said owner to receive from him a certain commission when the plaintiff effected a sale thereof; that the plaintiff did not have the exclusive right to sell said property; that the plaintiff had interested certain prospective customers in the purchase of the property; that said customers asked the plaintiff to talk with defendant relative to the sale of said property, and stated that they desired the defendant to participate in any sale of the property to them; that the plaintiff conferred with the defendant and the owner of said property with respect to selling the same to the said customers; that the defendant intending to deceive and defraud the plaintiff subsequently represented to him that the said prospective purchasers were no longer interested in the property and would not purchase the same, whereas, the said prospective customers were still interested and still desired to purchase said property, and that the defendant in consumating his fraudulent scheme caused the said property to be transferred to one, Algott Johnson, who was in privity with the defendant, and thereafter caused said property to be transferred from said Johnson to said prospective customers who became interested in the property through the plaintiff's efforts; that neither the owner nor the plaintiff had any knowledge of said privity between the said Johnson and the defendant; that the defendant thereby secured from the owner the commission for the sale of said property; that plaintiff was induced by the defendant to believe and rely upon the said fraudulent statement and was thereby prevented from effecting a sale of the property direct to said prospective customers and that but for said fraudulent representations, assertions and acts he would have been entitled to demand and receive a full commission from the owner for the sale of said property.

The declaration fails to state a cause of action in deceit as it does not appear that the plaintiff suffered any damage because of his reliance upon the alleged false representation. The declaration does conclude with the assertion that, "but for said fraudulent representations, assertions and acts he would have been entitled to demand and receive the full commission from the said owner for the sale of said premises," but the facts as stated do not warrant such conclusion. It does not appear that the plaintiff could have effected a sale directly to the prospective customers. The natural inference to be drawn from the language of the declaration is that the plaintiff could not sell to said costomers; that the defendant could, and that the defendant was the controlling influence which induced the sale. It, therefore, does not appear that the plaintiff was or would have been, but for the acts complained of, the effective cause in procuring the sale and it does not appear that the plaintiff had earned a commission.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*William A. Gunning*, for plaintiff.

*John P. Beagan, Edmund F. Beagan*, for defendant.